# EXHIBIT A

# SUPERIOR COURT OF WASHINGTON

# IN AND FOR THURSTON COUNTY

| | |
|---|---|
| BROOKE MARTIN,<br><br>Plaintiff,<br><br>v.<br><br>A PLUS SERVICES; MR. DO RIGHT CONSTRUCTION, LLC; ZENIN GERHING; DOES I-V; and ROES CORPORATIONS VI-X; inclusive;<br><br>Defendants. | No. 20-2-01632-34<br><br>**SUMMONS** |

THE STATE OF WASHINGTON to:

A Plus Services and/or Mr. Do Right Construction, LLC
c/o Teresa Grimsley
7225 Pacific Ave. SE
Lacey, WA 98503

A lawsuit has been started against you in the above-entitled court by the plaintiff. Plaintiff's claims are stated in the written complaint, a copy of which is served upon you with this summons.

In order to defend against this lawsuit, you must respond to the complaint by stating your defense in writing, and serve a copy upon the undersigned attorney for the plaintiff within 20 days after the service of this summons, excluding the day of service, if served within the State of Washington, or within 60 days after service of this summons upon you, excluding the day of service if served out of the State of Washington, or a default judgment may be entered against you without notice. A default judgment is one where the plaintiff is entitled to what is asked for

SUMMONS

PAGE 1 of 2

STRONG|LAW
32001 32nd Ave. S., Suite 400
Federal Way, Washington 98001
Tel: (206) 741-1051 • Fax: (206) 741-1052

because you have not responded. If you serve a notice of appearance on the undersigned attorney, you are entitled to notice before a default judgment may be entered.

You may demand that the plaintiff file this lawsuit with the Court. If you do so, the demand must be in writing and must be served upon the plaintiff. Within 14 days after you serve the demand, the plaintiff must file this lawsuit with the Court, or the service on you of this summons and complaint will be void.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written responses, if any, may be served on time. This summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State of Washington.

SIGNE and DATED this 23rd day of June 2020.

**STRONG LAW**

/s/ Jedediah J. Strong
JEDEDIAH J. STRONG, WSBA No. 53511
Jed@StrongLawAttorneys.com
*Attorneys for Plaintiff*

STRONG LAW
32001 32nd Ave. S., Suite 400
Federal Way, Washington 98001
Phone: (206) 741-1051
Fax: (206) 741-1052

SUMMONS

PAGE 2 of 2

STRONG│LAW
32001 32nd Ave. S., Suite 400
Federal Way, Washington 98001
Tel: (206) 741-1051 • Fax: (206) 741-1052

SUPERIOR COURT OF WASHINGTON

IN AND FOR THURSTON COUNTY

| | |
|---|---|
| BROOKE MARTIN,<br><br>Plaintiff,<br><br>v.<br><br>A PLUS SERVICES; MR. DO RIGHT CONSTRUCTION, LLC; ZENIN GERHING; DOES I-V; and ROES CORPORATIONS VI-X; inclusive;<br><br>Defendants. | No. 20-2-01632-34<br><br>**COMPLAINT** |

COMES NOW Plaintiff Brooke Martin, by and through counsel, and complains against Defendants as follows:

I. **PARTIES, JURISDICTION & VENUE**

1. Plaintiff Brooke Martin ("Ms. Martin" or "Plaintiff") is now, and was at all times material hereto, a resident of Kitsap County, Washington.

2. Upon information and belief, Defendant A Plus Services is a dba of Defendant Mr. Do Right Construction, LLC (collectively "A Plus") which is a company with its principal place of business in Thurston County, Washington.

STRONG|LAW
32001 32nd Ave. S., Suite 400
Federal Way, Washington 98001
Tel: (206) 741-1051 • Fax: (206) 741-1052

3. Upon information and belief, Defendant Zenin Gerhing ("Defendant Gerhing") is a resident of Kitsap County, Washington.

4. DOES I-V and ROES CORPORATIONS VI-X are individuals and corporations currently unknown but which may be added upon discovery.

5. The acts committed herein occurred in Kitsap County, Washington.

## II. STATEMENT OF FACTS

6. On or about March 27, 2020, Ms. Martin was a passenger in a vehicle being driven by Defendant Gerhing.

7. Defendant Gerhing lost control of the vehicle and drove it off the road, causing the vehicle to roll.

8. Ms. Martin was seriously injured.

9. Plaintiff did nothing to negligently contribute to causing accident.

10. Upon information and belief, Defendant Gerhing was under the influence of drugs at the time of the accident.

11. Defendant Gerhing was an employee of Defendant A Plus.

12. Upon information and belief, Defendant A Plus allowed Defendant Gerhing to operate a vehicle owned by Defendant A Plus.

13. Defendant Gerhing was operating Defendant A Plus's vehicle at all relevant times herein.

14. Defendant Gerhing has a criminal history including substance dependency and vehicular assault.

15. Defendant A Plus knew, or should have known, that Defendant Gerhing had a criminal history including substance dependency and vehicular assault.

STRONG | LAW
32001 32nd Ave. S., Suite 400
Federal Way, Washington 98001
Tel: (206) 741-1051 • Fax: (206) 741-1052

16. Defendant A Plus knew, or should have known, that Defendant Gerhing was likely to operate the vehicle in an unsafe manner and/or act recklessly while operating the vehicle.

### III. FIRST CAUSE OF ACTION
(Negligence – Defendant Gerhing)

17. Plaintiff realleges the preceding paragraphs as if fully alleged herein.

18. Defendant Gerhing's actions constituted a breach of multiple duties of care including, but not limited to, his duty to exercise reasonable care, maintain reasonable control of his vehicle, adhere to driving regulations, and to avoid putting others in danger.

19. Defendant Gerhing is liable for these acts of negligence and for such other acts of negligence as may become apparent during the course of discovery in this case.

20. As a direct and proximate cause of Defendant Gerhing's negligence, Plaintiff suffered personal injuries.

21. As a direct and proximate cause of Defendant Gerhing's negligence, Plaintiff has suffered physical pain.

22. Plaintiff's injuries have caused a substantial decrease in the quality of Plaintiff's daily life.

23. Plaintiff has incurred and will incur economic and non-economic damages of a nature and amount that will be proven at trial.

### IV. SECOND CAUSE OF ACTION
(Negligent Entrustment – Defendant A Plus)

24. Plaintiff realleges the preceding paragraphs as if fully alleged herein.

25. Defendant A Plus knew, or should have known, that Defendant Gerhing was reckless, heedless, or incompetent.

26. Defendant A Plus knew, or should have known, that it was unreasonable to allow

STRONG│LAW
32001 32nd Ave. S., Suite 400
Federal Way, Washington 98001
Tel: (206) 741-1051 • Fax: (206) 741-1052

Defendant Gerhing to operate the vehicle.

27. Defendant A Plus had a duty to not entrust Defendant Gerhing with the vehicle.

28. Defendant A Plus breached its duty by allowing Defendant Gerhing to operate the vehicle.

29. As a direct and proximate cause of Defendant A Plus's negligence, Plaintiff suffered personal injuries.

30. As a direct and proximate cause of Defendant A Plus's negligence, Plaintiff has suffered physical pain.

31. Plaintiff's injuries have caused a substantial decrease in the quality of Plaintiff's daily life.

32. Plaintiff has incurred and will incur economic and non-economic damages of a nature and amount that will be proven at trial.

## V. THIRD CAUSE OF ACTION
(Negligent Hiring and Retention – Defendant A Plus)

33. Plaintiff realleges the preceding paragraphs as if fully alleged herein.

34. Defendant A Plus hired Defendant Gerhing to work for Defendant A Plus.

35. Defendant A Plus knew, or should have known, that Defendant Gerhing was unfit for hiring.

36. Despite Defendant A Plus's knowledge, it hired Defendant Gerhing which provided Defendant Gerhing access to the vehicle.

37. As a direct and proximate cause of Defendant A Plus's negligent hiring of Defendant Gerhing, Plaintiff suffered personal injuries and physical pain.

38. Plaintiff's injuries have caused a substantial decrease in the quality of Plaintiff's

STRONG | LAW
32001 32nd Ave. S., Suite 400
Federal Way, Washington 98001
Tel: (206) 741-1051 • Fax: (206) 741-1052

daily life.

39. Plaintiff has incurred and will incur economic and non-economic damages of a nature and amount that will be proven at trial.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For general damages for pain and suffering in an amount to be proven at trial.
2. For past and future medical expenses in an amount to be proven at trial.
3. For attorney's fees and costs of suit herein.
4. For interest pre and post judgment interest.
5. For such other relief as may be deemed fair and equitable under the circumstances.

SIGNED and DATED this 23rd day of June 2020.

**STRONG LAW**

/s/ Jedediah J. Strong
JEDEDIAH J. STRONG, WSBA No. 53511
Jed@StrongLawAttorneys.com
*Attorneys for Plaintiff*

COMPLAINT

PAGE 5 of 5

STRONG LAW
32001 32nd Ave. S., Suite 400
Federal Way, Washington 98001
Tel: (206) 741-1051 • Fax: (206) 741-1052