# EXHIBIT C

SUPERIOR COURT OF WASHINGTON

IN AND FOR KING COUNTY

| | |
|---|---|
| BROOKE MARTIN, <br><br> Plaintiff, <br><br> v. <br><br> LIBERTY MUTUAL INSURANCE; WEST AMERICAN INSURANCE COMPANY; DOES I-V; and ROES CORPORATIONS VI-X; inclusive; <br><br> Defendants. | No. 20-2-15795-3 <br><br> **FIRST AMENDED COMPLAINT** |

COMES NOW Plaintiff Brooke Martin, by and through counsel, and complains against Defendants as follows:

I. **PARTIES, JURISDICTION & VENUE**

1. Plaintiff Brooke Martin ("Ms. Martin" or "Plaintiff") is now, and was at all times material hereto, a resident of Kitsap County, Washington.

2. Upon information and belief, Defendants Liberty Mutual Insurance and West American Insurance Company (collectively, "Liberty Mutual") are insurance companies operating in the State of Washington.

FIRST AMENDED COMPLAINT

PAGE **1** of 7

STRONG | LAW
1201 Pacific Avenue, Suite 601
Tacoma, Washington 98402
Tel: (206) 741-1051 • Fax: (206) 741-1052

3. DOES I-V and ROES CORPORATIONS VI-X are individuals and corporations currently unknown but which may be added upon discovery.

## II. STATEMENT OF FACTS

4. On or about March 27, 2020, Ms. Martin was a passenger in a vehicle being driven by Zenin Gerhing ("Mr. Gerhing").

5. Mr. Gerhing lost control of the vehicle and drove it off the road, causing the vehicle to roll.

6. Ms. Martin was seriously injured.

7. Plaintiff did nothing to negligently contribute to causing accident.

8. The vehicle being operated by Mr. Gerhing was owned by Mal, Inc.

9. Mal, Inc. had an insurance policy issued by Liberty Mutual which ostensibly covered the vehicle (the "Policy").

10. Ms. Martin filed a lawsuit claiming negligence against Mr. Gerhing which lawsuit is currently pending in the Superior Court of Thurston County, Case No. 20-2-01632-34.

11. Liberty Mutual has not extended liability coverage to Mr. Gerhing for the accident.

12. Liberty Mutual is only defending Mr. Gerhing in the underlying case under a "reservations of rights."

13. Upon information and belief, Liberty Mutual has not extended liability coverage to Mr. Gerhing because Mr. Gerhing was allegedly not a permissive driver of the vehicle.

14. Upon information and belief, Liberty Mutual continues its defense of Mr. Gerhing under a "reservations of rights" because it has not yet made a determination as to whether the Policy covers Mr. Gerhing's negligent actions.

FIRST AMENDED COMPLAINT

PAGE **2** of 7

Strong|Law
1201 Pacific Avenue, Suite 601
Tacoma, Washington 98402
Tel: (206) 741-1051 • Fax: (206) 741-1052

15. Seven months have elapsed since the subject accident, and Liberty Mutual has not yet completed its investigation and evaluation into whether coverage exists for Mr. Gerhing.

16. Upon information and belief, if Liberty Mutual does not extend liability coverage to Mr. Gerhing, there will be no liability coverage under the Policy covering the vehicle in the accident.

17. Upon information and belief, if the subject vehicle does not have any liability coverage under the Policy, the Policy affords underinsured motorist ("UIM") coverage to Plaintiff.

18. Because Liberty Mutual has not extended liability coverage to Mr. Gerhing, Plaintiff is entitled to UIM coverage under the Policy.

19. Liberty Mutual has denied UIM coverage to Plaintiff.

### III.   FIRST CAUSE OF ACTION
**(Breach of Contract – Liberty Mutual)**

20. Plaintiff realleges the preceding paragraphs as if fully alleged herein.

21. The Policy at issue is a valid contract.

22. Plaintiff is a beneficiary to the UIM portion of the contract.

23. Plaintiff has done nothing to violate her responsibilities under the contract.

24. Liberty Mutual has been afforded a reasonable amount of time to determine whether the Policy affords coverage to Mr. Gerhing.

25. Because Liberty Mutual has not afforded liability coverage to Mr. Gerhing, Liberty Mutual has an obligation to provide UIM coverage to Plaintiff.

26. Liberty Mutual has denied UIM coverage to Plaintiff.

27. Liberty Mutual's denial of UIM coverage to Plaintiff has damaged Plaintiff in an amount which will be established by the jury.

FIRST AMENDED COMPLAINT

PAGE **3** of 7

STRONG | LAW
1201 Pacific Avenue, Suite 601
Tacoma, Washington 98402
Tel: (206) 741-1051 • Fax: (206) 741-1052

28. Additionally, Plaintiff is entitled to an award of attorney fees for being forced to litigate the coverage of her UIM claim.

## IV.   SECOND CAUSE OF ACTION
### (Breach of Good Faith Duty – Liberty Mutual)

29. Plaintiff realleges the preceding paragraphs as if fully alleged herein.

30. The Policy at issue is a valid contact.

31. The Policy has an implied covenant of good faith and fair dealing.

32. Liberty Mutual has been afforded a reasonable amount of time to determine whether the Policy affords coverage to Mr. Gerhing.

33. Liberty Mutual breached the covenant of good faith and fair dealing by denying Plaintiff's UIM claim while still withholding coverage to Mr. Gerhing's actions.

34. Due to Liberty Mutual's breach of the implied covenant to good faith and fair dealing, Plaintiff has been damaged in an amount to be established at trial.

35. Plaintiff is also entitled to an award of attorney fees for being forced to litigate the UIM coverage in this matter.

## V.   THIRD CAUSE OF ACTION
### (Bad Faith – Liberty Mutual)

36. Plaintiff realleges the preceding paragraphs as if fully alleged herein.

37. Liberty Mutual owed Plaintiff a duty to act reasonably when evaluating and handling Plaintiff's UIM claim.

38. Liberty Mutual's handling of Plaintiff's UIM claim was unreasonable, frivolous, or unfounded.

39. Liberty Mutual denied Plaintiff's UIM claim without reasonable justification.

40. Liberty Mutual denied Plaintiff's UIM claim without resolving whether the Policy

FIRST AMENDED COMPLAINT

PAGE **4** of 7

STRONG | LAW
1201 Pacific Avenue, Suite 601
Tacoma, Washington 98402
Tel: (206) 741-1051 • Fax: (206) 741-1052

afforded coverage to Mr. Gerhing.

41. As a direct and proximate cause of Liberty Mutual's conduct and actions, Plaintiff suffered damages in an amount to be proven at the time of trial.

42. Additionally, Plaintiff is entitled to an award of attorney fees for being forced to litigate the UIM coverage in this matter.

## VI.  FOURTH CAUSE OF ACTION
### (Negligent Claim Handling – Liberty Mutual)

43. Plaintiff realleges the preceding paragraphs as if fully alleged herein.

44. Liberty Mutual owed Plaintiff a duty to act reasonably when evaluating and handling Plaintiff's UIM claim.

45. Liberty Mutual breached its duty by denying Plaintiff's UIM claim while continuing to reserve liability coverage over Mr. Gerhing.

46. As a direct and proximate result of Liberty Mutual's conduct and actions, Plaintiff suffered damages in an amount to be proven at the time of trial.

## VII.  FIFTH CAUSE OF ACTION
### (IFCA Violations – Liberty Mutual)

47. Plaintiff realleges the preceding paragraphs as if fully alleged herein.

48. Liberty Mutual has acted unreasonably in its handling of Plaintiff's claims in numerous ways including, but not limited to:

    a. Denying Plaintiff's UIM claim;

    b. Failing to affirm or deny whether the Policy affords coverage for Mr. Gerhing's negligent actions within a reasonable time after fully completed proof of loss documentation had been submitted;

    c. Failing to complete its investigation of Plaintiff's claim within thirty days after

FIRST AMENDED COMPLAINT

PAGE **5** of 7

Strong | Law
1201 Pacific Avenue, Suite 601
Tacoma, Washington 98402
Tel: (206) 741-1051 • Fax: (206) 741-1052

notification of the claim;

d. Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies;

e. Not attempting in good faith to effectuate prompt, fair and equitable settlement in Plaintiff's claim after liability became reasonably clear; and

f. Failing to promptly settle Plaintiff's UIM claim, where liability has become reasonably clear, under one portion of the insurance policy coverage in order to influence settlements under other portions of the insurance policy coverage.

49. Liberty Mutual's actions are in violation of Washington Statutes and regulations, including but not limited to, RCW 48.30.015, RCW48.30.010, WAC 284-30-330, and WAC 284-30-370.

50. As a direct and proximate result of Liberty Mutual's conduct and actions, Plaintiff suffered damages in an amount to be proven at the time of trial.

51. In addition to the actual damages sustained by Plaintiff, Plaintiff is entitled to an award of costs of the action as specified in RCW 48.30.015.

### VIII.    SIXTH CAUSE OF ACTION
**(Declaratory Relief – Liberty Mutual)**

52.  Plaintiff realleges the preceding paragraphs as if fully alleged herein.

53. Plaintiff's rights are affected under the terms of the Policy.

54. The parties have a dispute regarding the applicability of the Policy.

55. The Court has authority to issue an order regarding the applicability of the UIM coverage pursuant to RCW 7.24.010.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

FIRST AMENDED COMPLAINT

PAGE **6** of 7

STRONG | LAW
1201 Pacific Avenue, Suite 601
Tacoma, Washington 98402
Tel: (206) 741-1051 • Fax: (206) 741-1052

1. For general damages for pain and suffering in an amount to be proven at trial.

2. For past and future medical expenses in an amount to be proven at trial.

3. Damages for breach of contract.

4. Damages for cost of this action.

5. Treble damages.

6. For declaratory relief regarding the applicability of the UIM Policy.

7. For attorney's fees and costs of suit herein.

8. For interest pre and post judgment interest.

9. For such other relief as may be deemed fair and equitable under the circumstances.

SIGNED and DATED this 18th day of November 2020.

**STRONG LAW**

/s/ Jedediah J. Strong
JEDEDIAH J. STRONG, WSBA No. 53511
Jed@StrongLawAttorneys.com
*Attorneys for Plaintiff*

FIRST AMENDED COMPLAINT

PAGE **7** of **7**

STRONG | LAW
1201 Pacific Avenue, Suite 601
Tacoma, Washington 98402
Tel: (206) 741-1051 • Fax: (206) 741-1052