The Honorable John C. Coughenour

UNITED STATES DISRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| BROOKE MARTIN,<br><br>Plaintiff,<br><br>v.<br><br>LIBERTY MUTUAL INSURANCE; WEST AMERICAN INSURANCE COMPANY; DOES I-V; and ROES CORPORATIONS VI-X; inclusive;<br><br>Defendants. | CASE NO. 2:20-CV-01728-JCC<br><br>PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON DECLARATORY JUDGMENT<br><br>NOTE ON MOTION CALENDAR: January 29, 2021<br><br>ORAL ARGUMENT REQUESTED |

COMES NOW Plaintiff, by and through counsel, and moves the Court to enter summary judgment on Plaintiff's Sixth Cause of Action – Declaratory Judgment.

**I.     Relief Requested**

1. That the Court issue a ruling, under RCW 7.24.010, decreeing that if Liberty Mutual does not afford liability coverage for Mr. Gerhing's negligence in the underlying accident, Plaintiff is entitled to UIM coverage under the Policy.

PLT. MSJ ON DECLARATORY
JUDGMENT – CASE # 2:20-CV-01728
PAGE **1** of **8**

Strong | Law
1120 Pacific Avenue, Suite 110
Tacoma, Washington 98402
Tel: (206) 741-1051 • Fax: (206) 741-1052

## II. Statement of Facts[1]

Please note, for purposes of this Motion, Plaintiff is assuming that Liberty Mutual has denied liability coverage for the subject accident.[2] If Liberty Mutual affords Mr. Gerhing liability coverage under the Policy, the request sought herein becomes moot.

1. Plaintiff was a passenger in a single-vehicle accident.

2. Mal, Inc. was the owner of the subject vehicle.

3. The driver of the vehicle ("Mr. Gerhing") was an employee of Mal, Inc.

4. Plaintiff has filed a separate lawsuit against Mr. Gerhing and Mal, Inc. for her injuries arising from the accident (the "Underlying Suit").

5. The vehicle which is the subject of the Underlying Suit was listed as a covered auto by an insurance policy (the "Policy") through Defendants Liberty Mutual and West American Insurance Company (collectively "Defendant" or "Liberty Mutual").

6. Liberty Mutual has been defending Plaintiff's claims against Mr. Gerhing in the Underlying Suit under a "reservation of rights" wherein Liberty Mutual is claiming that "some or all aspects of the [Underlying Suit] may not be covered under the Policy" because Mr. Gerhing may not have had permission to operate the subject vehicle. Ex. 2.

7. Plaintiff has also submitted an uninsured/underinsured motorist ("UIM") claim under the Policy.

---

[1] Plaintiff has not cited to support for various factual allegations presented herein. Plaintiff is under the impression that these factual allegations are undisputed and are not critical to the Court's evaluation of the current motion. Plaintiff requests the right to introduce supporting evidence if the allegations are opposed.

[2] Liberty Mutual has been investigating this matter since early May 2020 and has not yet issued its determination on coverage. Plaintiff has brought this current action due to the excessive delay.

PLT. MSJ ON DECLARATORY
JUDGMENT – CASE # 2:20-CV-01728
PAGE **2** of **8**

STRONG|LAW
1120 Pacific Avenue, Suite 110
Tacoma, Washington 98402
Tel: (206) 741-1051 • Fax: (206) 741-1052

8. Liberty Mutual has denied the UIM claim because it believes an exclusion under the Policy excludes UIM coverage for Plaintiff.

9. Plaintiff disagrees that the subject exclusion prevents Plaintiff from recovering under the UIM portion of the Policy.

10. The UIM portion of the Policy states:

A. Coverage

> 1. We will pay all sums the "insured" is legally entitled to recover as compensatory damages from the owner or driver of an "underinsured motor vehicle."

Ex. 1, Section A(1) (Martin 0069).

11. The parties agree Ms. Martin was an "insured" for purposes of the UIM Policy.

12. The ultimate question for the Court is whether the subject vehicle is considered an "underinsured motor vehicle" pursuant to the terms of the Policy.

13. In relevant part, the Policy defines an "underinsured motor vehicle" as:

> "Underinsured motor vehicle" means a land motor vehicle or "trailer":
> a. For which no liability bond or policy applies at the time of an "accident"; or
> b. For which liability bonds or policies apply at the time of an "accident", but the amount paid under the [sic] all of the bonds or policies to an insured is not enough to pay the full amount an "insured" is legally entitled to recovery as damages caused by the "accident"; or . . .
>
> However, "underinsured motor vehicle" does not include any vehicle:
> a. **For which the Liability Coverage of this Coverage Form applies**.

Ex. 1, Section F(5)(a) (please note there are two F(5)(a)'s in the Policy) (Martin 0072-73) (emphasis added).[3]

---

[3] Plaintiff has only included the portions of the Policy relevant to the matter but will produce the entire Policy upon request.

PLT. MSJ ON DECLARATORY
JUDGMENT – CASE # 2:20-CV-01728
PAGE **3** of **8**

STRONG|LAW
1120 Pacific Avenue, Suite 110
Tacoma, Washington 98402
Tel: (206) 741-1051 • Fax: (206) 741-1052

### III. Argument

There is no question the subject vehicle meets the first definition of an "underinsured motor vehicle." The dispositive issue for the Court is whether the UIM exclusion (cited in paragraph 13, *supra*) removes the subject vehicle from the "underinsured motor vehicle" definition.

**A. The UIM exclusion does not apply to the subject vehicle because Liberty Mutual has denied liability coverage making it so the liability coverage from the Policy does not "apply."**

This declaratory action rests upon contract interpretation. "Generally, the court must interpret the ambiguities in an insurance policy in favor of the insured. But if the language of an insurance policy is clear and unambiguous, those terms must be given the effect of their plain meaning by the courts." *Nelson v. Mutual of Enumclaw*, 115 P.3d 332, at ¶ 10 (Wash. App. Div. 3 2005) (internal citations omitted). In the current matter, the Court should find either (1) that the terms of the policy unambiguously establish that Plaintiff should be afforded UIM coverage or (2) that the terms are ambiguous and should be interpreted in Plaintiff's favor.

**1. The terms are unambiguous and establish that the subject vehicle was an "underinsured motor vehicle."**

The UIM exclusion states an "'underinsured motor vehicle' does not include any vehicle . . . for which the Liability Coverage of this Coverage Form **applies**." Ex. 1 (Martin 0073) (emphasis added). Consequently, to determine the matter, the Court must first define "Liability Coverage," "this Coverage Form," and "applies." Plaintiff has been unable to locate a specific definition of the three terms within the Policy and therefore asserts the plain language of the terms should apply as follows:

1. "Liability Coverage" refers to "SECTION II – LIABILITY COVERAGE" of the "Business Auto Coverage Form." *See* Ex. 1, at Martin 0057.

PLT. MSJ ON DECLARATORY
JUDGMENT – CASE # 2:20-CV-01728
PAGE **4** of **8**

STRONG|LAW
1120 Pacific Avenue, Suite 110
Tacoma, Washington 98402
Tel: (206) 741-1051 • Fax: (206) 741-1052

2. "This Coverage Form" refers to the entire Policy – policy number "BAW (21) 59449815." *See* Ex. 1.

3. "Applies" means "to have relevance or a valid connection." Meridian-Webster Online Dictionary "apply."

Ultimately, this matter turns on the definition of "apply." Under the plain meaning of the word, the Court should rule in Plaintiff's favor. Specifically, Liberty Mutual has denied liability coverage. Such a denial is a determination that the liability policy has no relevance or valid connection to the underlying liability claim. Consequently, based on Liberty Mutual's internal decision, the Court should find the subject vehicle is not excluded by the UIM exclusion per the clear language of the agreement.

### 2. Any ambiguity should be resolved in Plaintiff's favor.

If the Court does not hold that the Policy language unambiguously supports Plaintiff's position, the Court should find the exclusion, at a minimum, ambiguous. "Generally, the court must interpret the ambiguities in an insurance policy in favor of the insured," *Nelson*, 115 P.3d 332, at ¶ 10, and consequently, the Court should still rule in Plaintiff's favor. Defendant has not yet asserted its position, and Plaintiff will respond accordingly, but the only arguments Plaintiff can imagine would involve either (1) an attempt to insert extra terms into the subject UIM exclusion or (2) would rely upon circular arguments alleging that the liability policy applies even though coverage is denied. Such arguments, however, would raise ambiguities which would preclude Defendants from prevailing.

### B. The cases addressing public policy surrounding UIM exclusions are inapplicable to the current matter.

Plaintiff is aware of the line of cases upholding UIM exclusions. *See Millers Cas. Ins. Co.*

PLT. MSJ ON DECLARATORY
JUDGMENT – CASE # 2:20-CV-01728
PAGE **5** of **8**

STRONG|LAW
1120 Pacific Avenue, Suite 110
Tacoma, Washington 98402
Tel: (206) 741-1051 • Fax: (206) 741-1052

*v. Briggs*, 665 P.2d 891 (1983); *Blackburn v. Safeco Ins. Co.*, 794 P.2d 1259 (Wash. 1990); *Churchill v. New Hampshire Ins. Co.*, 844 P.2d 459 (Wash. Ct. App. 1993). This matter, however, is a matter of contract interpretation, not a matter of public policy, and the subject UIM exclusion is distinguishable from the various cases due to the applicable contract language.

### 1. *Churchill v. New Hampshire Ins. Co.*, 844 P.2d 459 (Wash. Ct. App. 1993).

*Churchill* is the most applicable of the cases because it does not specifically focus on public policy. Instead, the court in *Churchill* addresses the language of the exclusion – as Plaintiff argues in this matter. In *Churchill*, the plaintiff was a passenger in a single-vehicle accident. The insurance carrier determined the liability coverage did not apply because the driver was not a permissive driver. The carrier also denied UIM coverage to the plaintiff due to a policy exclusion. The exclusion at issue stated, "However, 'underinsured motor vehicle' does not include any vehicle: . . . (2) Which is a covered 'auto' for LIABILITY COVERAGE." *Id.* at 460. The Court held that the vehicle was a "covered auto" even though no payments were made under the liability coverage and upheld the validity of the exclusion.

The current matter is distinguishable due to the language of the exclusion. In the current matter, Plaintiff agrees the subject vehicle is a "covered auto," and if the Policy language were directed at "covered autos," as in *Churchill*, Plaintiff would not have a UIM claim.[4] Instead, the subject exclusion excludes UIM coverage for vehicles where the liability coverage from the Policy actually **applies**. The current exclusion clearly, and fundamentally, differs on its face to that in *Churchill* because the subject exclusion focuses on the **applicability** of the liability coverage not

---

[4] Liberty Mutual could have included an exclusion provision, like in *Churchill*, excluding any auto that was a "covered auto" under the liability Policy, but it did not. This Court should not alter the clear language of the agreement to conform with what Liberty Mutual now wishes the agreement to say compared to what it actually says.

PLT. MSJ ON DECLARATORY
JUDGMENT – CASE # 2:20-CV-01728
PAGE **6** of **8**

STRONG|LAW
1120 Pacific Avenue, Suite 110
Tacoma, Washington 98402
Tel: (206) 741-1051 • Fax: (206) 741-1052

the status of a specifically defined vehicle. Here, Liberty Mutual has decided the liability coverage does not apply, consequently, the exclusion cannot preclude Ms. Martin's UIM recovery.

### 2. *Blackburn v. Safeco Ins. Co.*, 794 P.2d 1259 (Wash. 1990).

In *Blackburn*, the plaintiff was injured in a single-vehicle accident. The vehicle was insured, but the liability coverage did not apply due to the driver being excluded. The policy defined an "underinsured motor vehicle: [as] Any vehicle which is a covered auto for LIABILITY INSURANCE." *Id.* at 1260. The issue before the court was whether the exclusion violated public policy. The court determined it did not.

In the current matter, Plaintiff is not claiming the subject exclusion violates public policy. Instead, Plaintiff is requesting that the Court interpret the actual terms of the Policy. Moreover, the exclusion language in *Blackburn* is equivalent to that in *Churchill*, which is distinguishable to the current matter. *See supra*.

### 3. *Millers Cas. Ins. Co. v. Briggs*, 665 P.2d 891 (1983).

In *Millers*, the plaintiffs were injured as passengers in a single-vehicle accident. The liability insurance policy covering the vehicle applied, and the plaintiffs were offered the liability policy limits. The plaintiffs, however, claimed they were also entitled to the UIM portion of the policy because the exclusion violated public policy. The exclusion at issue provided "that an 'underinsured motor vehicle' shall not include: . . . (4) an automobile or trailer to which the liability coverage of this policy applies." *Id.* at 892. The court ultimately decided it was not a violation of public policy to have contractual provisions in the insurance policy preventing the type of double recovery sought by the plaintiffs.

*Millers* in clearly distinguishable because the carrier paid the liability coverage to the plaintiffs, and the issue was whether public policy allowed a double recovery (liability plus UIM

PLT. MSJ ON DECLARATORY
JUDGMENT – CASE # 2:20-CV-01728
PAGE **7** of **8**

STRONG|LAW
1120 Pacific Avenue, Suite 110
Tacoma, Washington 98402
Tel: (206) 741-1051 • Fax: (206) 741-1052

from the same insurance policy). Conversely, in the current matter, Liberty Mutual has decided the liability coverage of the Policy does not apply, so there is no double recovery and the public policy issues addressed in *Millers* are irrelevant.

### IV. Conclusion

Based on the forgoing, Plaintiff requests the Court hold that, assuming Liberty Mutual denies liability coverage for the accident, Plaintiff is entitled to UIM coverage under the Policy.

DATED and SIGNED this 5th day of January 2021.

**STRONG LAW**

/s/ Jedediah J. Strong
JEDEDIAH J. STRONG, WSBA No. 53511
Jed@StrongLawAttorneys.com
*Attorneys for Plaintiff*

### CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of January 2021, I caused to be served a true copy of the foregoing **PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON DECLARATORY JUDGMENT** upon the following attorney(s) of record at the address(es) shown:

| John M. Silk<br>Sarah L. Eversole<br>WILSON SMITH COCHRAN DICKERSON<br>901 Fifth Ave., Suite 1700<br>Seattle, Washington 98164<br>silk@wscd.com<br>eversole@wscd.com<br>*Attorney for Defendants* | ☐ U.S. Mail, First Class, Postage Paid<br>☐ Hand Delivered by _____<br>☐ FAX<br>☒ E-Mail<br>☒ E-Filing/Service |
|---|---|

/s/ Jedediah J. Strong