JUDGE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BROOKE MARTIN,<br><br>Plaintiff,<br><br>vs.<br><br>LIBERTY MUTUAL INSURANCE; WEST AMERICAN INSURANCE COMPANY; DOES I-V; and ROES CORPORATIONS VI-X; inclusive,<br><br>Defendants. | No. 20-2-15795-3 SEA<br><br>DEFENDANTS' OPPOSITION TO MOTION FOR SUMMARY JUDGMENT AND CROSS-MOTION |

## I. <u>INTRODUCTION</u>

In response to Plaintiff's Motion for Partial Summary Judgment Regarding coverage, West American Insurance Company ("West American") submits this opposition and Cross-Motion for Partial Summary Judgment.

Plaintiff's motion states that "*for the purposes of this Motion, Plaintiff is assuming that Liberty Mutual has denied liability coverage for the subject accident. If Liberty Mutual affords Mr. Gerhing Liability coverage under the Policy, the request sought herein becomes moot.*"[1] In fact, West American has not "denied" coverage to Mr. Gerhing. West American

---
[1] Plaintiff's motion, Doc. No. 8, p. 2:2.

DEFENDANTS' OPPOSITION TO MOTION FOR SUMMARY JUDGMENT AND CROSS-MOTION (Case No. 2:20-cv-01728-JCC) – 1



WILSON SMITH COCHRAN DICKERSON

901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

is, by Plaintiff's own admission, presently providing Mr. Gerhing and its named insured with a defense in the underlying lawsuit.

Regardless, as set forth below, Ms. Martins' entitlement to UIM benefits under the policy does not turn on whether or not liability insurance is payable to Mr. Gerhing (or to its named insured) under the liability coverage on the policy. As set forth below, the West American Policy excludes from the definition of underinsured motor vehicle, "Any vehicle for which the Liability Coverage of this Coverage Form applies." Because the vehicle involved in the accident was listed in the policy declarations and is a covered vehicle for which the liability coverage of the West American policy applies- that vehicle is not an "underinsured motor vehicle" regardless of whether an exclusion operates to bar Mr. Gerhing coverage. Therefore, Ms. Martin is not entitled to receive UIM coverage under the policy irrespective of West American's coverage position as to one of its insureds. Accordingly, the court should deny Plaintiff's motion for summary judgment and grant Defendant's cross motion for summary judgment, dismissing Plaintiff's claims in this lawsuit with prejudice, as a matter of law.

## II. STATEMENT OF FACTS

As a preliminary matter, the allegations in Plaintiff's own motion are, by Plaintiff's own admission, unsupported. Plaintiff's allegation that West American has denied coverage to Mr. Gerhing and that its coverage investigation has been untimely are refuted by the very evidence Plaintiff has attached to support these allegations. Defendant objects to Plaintiffs reliance on each and every conclusory, speculative and unsupported "fact" that Plaintiff relies upon in its Motion, regardless of whether each fact is specifically addressed below.

The accident occurred on March 27, 2020. Brooke Martin was a passenger in a 2001 Toyota pickup driven by Zenin Gerhing, A-Plus Service's employee, when the accident

DEFENDANTS' OPPOSITION TO MOTION FOR SUMMARY JUDGMENT AND CROSS-MOTION (Case No. 2:20-cv-01728-JCC) – 2

WILSON SMITH COCHRAN DICKERSON
901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

occurred. The 2001 Toyota was a "company vehicle" owned by Mr. Gerhing's employer, Mal, Inc. dba A-Plus Services / A Plus Septic & Plumbing ("A-Plus Services").[2]

At the time of the accident, A-Plus Services had a commercial auto policy with West American. The policy lists the 2001 Toyota that was owned by A-Plus Services and operated by Mr. Gerhing at the time of the accident, in the schedule of covered vehicles in the policy set forth at page 17 of the Business Automobile Policy Declarations.[3] In the "premium detail" for the subject vehicle, it is identified as having liability insurance and coverage for underinsured motorist bodily injury.

Ms. Martin subsequently filed a lawsuit against Mr. Gerhing and A-Plus Services. West American is currently providing a defense under the West American liability policy, to both Mr. Gerhing and A-Plus Services.[4] Ms. Martin also demanded the UIM policy limits under the West American policy, which West American timely denied.[5] As set forth in this denial, the 2001 Toyota involved in the accident is listed in the policy declarations as a covered auto for which liability coverage applies.[6] Therefore, the Toyota is not an "underinsured motor vehicle" for the purpose of underinsured motorist coverage available to Ms. Martin.[7]

---

[2] Declaration of Brittani Ingram.

[3] Declaration of Brittani Ingram, Exhibit 1.

[4] Declaration of Brittani Ingram.

[5] Declaration of Brittani Ingram, Exhibit 2.

[6] *Id.*

[7] Declaration of Brittani Ingram, Exhibit 2.

DEFENDANTS' OPPOSITION TO MOTION FOR SUMMARY JUDGMENT AND CROSS-MOTION (Case No. 2:20-cv-01728-JCC) – 3

WILSON SMITH COCHRAN DICKERSON

901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

## III. STATEMENT OF ISSUES

1. Should the Court deny Plaintiff's motion and grant Defendant's cross motion for summary motion when the vehicle involved in the accident was a covered vehicle for which the liability coverage of the West American policy applies- and therefore not an "underinsured motor vehicle" as defined by the policy? **Yes.**

2. Should the Court deny Plaintiff's motion and grant Defendant's cross motion when Plaintiff's motion fails to provide any admissible evidence supporting her claim for UIM coverage and when her motion is by her own admission, "moot" because West American has not denied liability coverage to any insured? **Yes.**

## IV. EVIDENCE RELIED UPON

The Declaration of Britani Ingram with exhibits, and all pleadings and records previously filed herein

## V. LEGAL ARGUMENT AND ANALYSIS

### A. The Factual Background of Plaintiff's Motion Lack Citation and Should be Stricken.

As an initial matter, the Court should strike the portions of Plaintiff's motion that are unsupported by citation to admissible evidence. On summary judgment, the court may consider only admissible evidence or a showing that the materials do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.[8]

Defendant therefore requests that the Court either strike the unsupported statements of Plaintiff's motion or otherwise not consider them in making its ruling. Specifically, the Court

---

[8] FRCP 56(c); *Gamboa v. King County*, 562 F. Supp. 2d 1288, 1296 (W.D. Wash. 2008); *Anheuser–Busch, Inc. v. Natural Beverage Distributors*, 69 F.3d 337, 345 (9th Cir.1995).

DEFENDANTS' OPPOSITION TO MOTION FOR SUMMARY JUDGMENT AND CROSS-MOTION (Case No. 2:20-cv-01728-JCC) – 4

WILSON SMITH COCHRAN DICKERSON
901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

should strike the allegation at Doc. 8, page 2, line 2-3, including the footnote. The Court should also strike paragraphs 8 and 10. The referenced portions of Plaintiff's briefing lack any citation to the record, and are either incomplete or refuted by the evidence attached.

B. **Summary Judgment Standard.**

Summary judgment should be entered where "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law."[9] If the moving party establishes the absence of any genuine issue of material fact, the burden shifts to the non-moving party to demonstrative through the production of probative evidence that there remains an issue of fact to be tried.[10] A complete failure of proof concerning an essential element of the nonmoving party's case on which that party bears the burden of proof necessarily renders all other facts immaterial.[11] In that event, summary judgment should be entered for the moving party.

Ms. Martin has not and cannot produce evidence that shows she is entitled to UIM coverage under the West American insurance policy. The policy excludes from the definition of "underinsured motor vehicle" any vehicle for "which the Liability Coverage of this Coverage Form applies." It is undisputed that the 2001 Toyota involved in the accident is listed in the policy declarations as a covered auto for which liability coverage applies. Therefore, the Toyota is not an "underinsured motor vehicle" for the purpose of underinsured motorist coverage available to Ms. Martin. Accordingly, Defendant is entitled to a summary

---

[9] FED. R. CIV. P. 56(c).

[10] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548 (1986).

[11] *Id.*

DEFENDANTS' OPPOSITION TO MOTION FOR SUMMARY JUDGMENT AND CROSS-MOTION (Case No. 2:20-cv-01728-JCC) – 5

WILSON SMITH COCHRAN DICKERSON
901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

ruling finding no coverage for Ms. Martin's UIM claim.

**C.   General Rules for Construing Insurance Policies.**

The Court has an obligation to enforce the terms and conditions of the policy as written. An insurance contract is enforced like any other contract.[12] In Washington, a court must construe a policy to give full force and effect as to all provisions of the policy.[13] A court should give the policy a fair, reasonable, and sensible construction as would be given to the contract by an average person purchasing insurance.[14] If the language is clear and unambiguous, the court must enforce it as written and may not modify it or create ambiguity where none exists. *Id.*

At issue in this matter is the UIM policy exclusion which excludes from the definition of "underinsured motor vehicle" any vehicle for "which the Liability Coverage of this Coverage Form applies." As discussed fully below, The Washington Supreme Court has held that with respect to an insured who is not the named insured, the UIM exclusion at issue in this matter is valid and enforceable and does not violate any Washington law or Washington's UIM statute, RCW 48.22.030.[15] Because the relevant policy provisions in this matter are

---

[12] *Findlay v. United Pac. Ins.*, 129 Wn.2d 368, 378, 917 P.2d 116 (1996).

[13] *McDonald v. State Farm*, 119 Wn.2d 724, 734, 837 P.2d 1000 (1992).

[14] *Panorama Village v. Allstate Ins. Co.,* 144 Wn.2d 413, 428, 951 P.2d 250 (1998).

[15] *Churchill v. New Hampshire Ins. Co.*, 68 Wn. App. 564, 844 P.2d 459 review denied, 121 Wn.2d 1030, 856 P.2d 382 (1993); *Tissell v. Liberty Mut. Ins. Co.*, 115 Wn.2d 107, 795 P.2d 126 (1990); *Blackburn v. Safeco Ins. Co.*, 115 Wn.2d 82, 92, 794 P.2d 1259, 1264 (1990); *Millers Cas. Ins. Co. v. Briggs*, 100 Wn.2d 1, 665 P.2d 891 (1983).

DEFENDANTS' OPPOSITION TO MOTION FOR SUMMARY JUDGMENT AND CROSS-MOTION (Case No. 2:20-cv-01728-JCC) – 6

WILSON SMITH COCHRAN DICKERSON

901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

clear and unambiguous, the Court must enforce the terms and conditions of the policy as written.

**D.     The 2001 Toyota was not an "Underinsured Vehicle" under the West American Policy**

**1.     Relevant Policy Language**

West American issued a commercial auto policy to Mal Inc. d/b/a A Plus Services; d/b/a A Plus Septic & Plumbing ("A-Plus Services"). The policy lists the 2001 Toyota that was owned by A-Plus Services and operated by Mr. Gerhing at the time of the accident, in the schedule of covered vehicles in the policy set forth at page 17 of the Business Automobile Policy Declarations.[16] In the "premium detail" for the subject vehicle, it is identified as having liability insurance and coverage for underinsured motorist bodily injury.[17]

The policy provides in relevant part, as follows:

> **SECTION II – LIABILITY COVERAGE**
>
> **A.     Coverage**
>
> We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".
>
> We have the right and duty to defend any "insured" against a "suit" asking for such damages… However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" … to which this insurance does not apply. We may

---

[16] Declaration of Brittani Ingram, Exhibit 1, policy declarations page 17 of 102.

[17] Declaration of Brittani Ingram, Exhibit 1, policy declarations page 22 of 102.

DEFENDANTS' OPPOSITION TO MOTION FOR SUMMARY JUDGMENT AND CROSS-MOTION (Case No. 2:20-cv-01728-JCC) – 7

WILSON SMITH COCHRAN DICKERSON
901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

investigate and settle any claim or "suit" as we consider appropriate…[18]

Under the liability coverage form, the West American Policy defines "You" to mean the named insured, i.e. A Plus Service, and anyone using a "covered 'auto'" with permission of the named insured:

**1. Who is an Insured**

The following are "insureds":

**a.** You for any covered "auto".

b. Anyone else while using with your permission a covered "auto" you own, hire or borrow...[19]

The West American Policy, modified by Washington Underinsured Motorists Coverage Endorsement CA 21 34 01 08, provides with respect to Underinsured Motorist Coverage:

**A. Coverage**

**1.** We will pay all sums the "insured" is legally entitled to recover as compensatory damages from the owner or driver of an "underinsured motor vehicle". The damages must result from "bodily injury" or "property damage" sustained by the "insured" caused by an "accident". The owner's or driver's liability for these damages must result from the ownership, maintenance or use of the "underinsured motor vehicle".

**B. Who Is An Insured**

If the Named Insured is designated in the Declarations as:

**2.** A partnership, limited liability company, corporation or any other form of organization,

---

[18] Declaration of Brittani Ingram, Exhibit 1, form CA 00 01 03 06, p. 2.

[19] Declaration of Brittani Ingram, Exhibit 1, form CA 00 01 03 06, p. 2-3.

DEFENDANTS' OPPOSITION TO MOTION FOR SUMMARY JUDGMENT AND CROSS-MOTION (Case No. 2:20-cv-01728-JCC) – 8

WILSON SMITH COCHRAN DICKERSON
901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

then the following are "insureds":

    **a.**    Anyone "occupying" a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.

    **b.**    Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured".

...

**5.**    "Underinsured motor vehicle" means a land motor vehicle or "trailer":

    **a.**    For which no liability bond or policy applies at the time of an "accident";

…

However, "underinsured motor vehicle" does not include any vehicle;

    **a.**    For which the Liability Coverage of this Coverage Form applies.. …[20]

As set forth above, the West American insurance policy issued to A-Plus provides that West American will pay under UM coverage, the damages that an "insured" is legally entitled to recover from the owner or operator of an "underinsured motor vehicle" because of bodily injury sustained by that "insured" and caused by an accident. The definition of "insured" includes for the purpose of UM coverage, "anyone 'occupying' a covered 'auto'". As noted above, the 2001 Toyota involved in the collision is listed as a covered auto under the West American policy, and Martin was "occupying" it, so she qualifies as an insured with respect to UM coverage.

The policy's definition of "underinsured motor vehicle" provides that it applies to motor vehicles to which no liability policy applies at the time of the accident, or where the amount paid to an "insured" is not enough to pay all amounts the "insured" is legally entitled

---

[20] Declaration of Brittani Ingram, Exhibit 1, form CA 21 34 01 08, p. 1

DEFENDANTS' OPPOSITION TO MOTION FOR SUMMARY JUDGMENT AND CROSS-MOTION (Case No. 2:20-cv-01728-JCC) – 9

WILSON SMITH COCHRAN DICKERSON
901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

to recover as damages. However, the policy excludes from the definition of "underinsured motor vehicle" any vehicle for "which the Liability Coverage of this Coverage Form applies." The 2001 Toyota involved in the accident is expressly listed in the policy declarations as a covered auto for which liability coverage applies.

Because the subject vehicle was a covered vehicle for which the liability coverage of the West American policy *applies*- the vehicle is not an "underinsured motor vehicle" and therefore Ms. Martin is not entitled to receive UIM coverage under the policy.

### 2. Ms. Martin's UIM Coverage Does not turn on whether liability coverage is *payable* under the policy

The crux of Plaintiff's argument on summary judgment, appears to be that should West American ever obtain a ruling from a Washington court that Mr. Gerhing is not entitled to liability coverage, Ms. Martin would then be entitled to UIM coverage. This issue is either premature or moot, as West American has not obtained any such judgment and is presently providing liability coverage under the subject policy to *both* A-Plus Services and Mr. Gerhing as a result of the accident and resulting lawsuit.[21] To the extent Plaintiff intends to suggest or that coverage provided subject to a reservation of rights to Mr. Gerhing is equivalent to a denial of coverage- Plaintiff has offered no authority for this position.

Regardless, Ms. Martin is not qualified to receive Underinsured Motorist ("UIM") coverage under the West American policy, regardless of West American's position with respect to the liability coverage available to Mr. Gerhing. As set forth above, Ms. Martin qualifies as an insured with respect to UIM coverage, because she was occupying a covered "auto" at the time of the accident. However, the West American Policy issued to A-Plus Services excludes from the definition of underinsured motor vehicle, "Any vehicle for which the Liability Coverage of this Coverage Form applies." Because it is undisputed that the

---

[21] Declaration of Brittani Ingram, Exhibit 1,

FOR SUMMARY JUDGMENT AND CROSS-
MOTION (Case No. 2:20-cv-01728-JCC) – 10

WILSON SMITH COCHRAN DICKERSON
901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

subject vehicle was a covered vehicle for which the liability coverage of the West American policy *applies*- the vehicle is not an "underinsured motor vehicle" and therefore Ms. Martin is not entitled to receive UIM coverage under the policy, regardless of West American's coverage position with respect to Mr. Gerhing.

The Washington Supreme Court has held that with respect to an insured who is not the named insured, the subject UIM exclusion is valid and enforceable and does not violate any Washington law or Washington's UIM statute, RCW 48.22.030.[22]

In *Churchill v. New Hampshire Ins. Co.*,[23] a 16-year old was killed after the driver had obtained possession of a vehicle from its owner through false representation. The truck itself was a covered auto, but the liability policy did not cover the driver, because he had been using the vehicle outside the scope of the owner's permission. The decedent's mother sought UIM benefits. She argued that because the liability policy did not cover the driver, the vehicle was underinsured. New Hampshire denied the claim because the policy excluded from the definition of "underinsured motor vehicle" "any vehicle which is a covered 'auto' for Liability coverage." The Washington court of appeals ultimately concluded that the claimant's status as one other than a named insured under the policy covering the vehicle precluded recovery of UIM benefits under that policy due to the exclusion, and expressly

---

[22] *Churchill v. New Hampshire Ins. Co.*, 68 Wn. App. 564, 844 P.2d 459 review denied, 121 Wn.2d 1030, 856 P.2d 382 (1993); *Tissell v. Liberty Mut. Ins. Co.*, 115 Wn.2d 107, 795 P.2d 126 (1990); *Blackburn v. Safeco Ins. Co.*, 115 Wn.2d 82, 92, 794 P.2d 1259, 1264 (1990); *Millers Cas. Ins. Co. v. Briggs*, 100 Wn.2d 1, 665 P.2d 891 (1983).

[23] 68 Wn. App. 564, 844 P.2d 459 review denied, 121 Wn.2d 1030, 856 P.2d 382 (1993)

DEFENDANTS' OPPOSITION TO MOTION FOR SUMMARY JUDGMENT AND CROSS-MOTION (Case No. 2:20-cv-01728-JCC) – 11

WILSON SMITH COCHRAN DICKERSON
901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

rejected the notion that an "other insured's" UIM recovery should turn on whether or not liability insurance was actually paid out.[24]

The *Churchill* court's decision examined the Washington Supreme Court decision in *Blackburn v. Safeco Ins. Co.*,[25] which had also concluded that a UIM exclusion for any vehicle "which is a covered 'auto' for Liability Coverage" – was enforceable and did not violate Washington's UIM statute, RCW 48.22.030.

In *Blackburn*, the plaintiff was seriously injured in a one-car collision while sitting as a passenger in a car owned by a dealership. The driver had the dealer's permission to use the car- but was not entitled to liability coverage under the dealership's policy due to a policy exclusion. The costs of the plaintiff's injuries exceeded the amount collected from the driver's own separate insurance policy, and the plaintiff sought to recover UIM benefits from Evergreen's insurer, Safeco. Safeco denied Blackburn UIM benefits based on a clause in the UIM endorsement which excluded from the definition of an underinsured motor vehicle: "Any vehicle [w]hich is a covered auto for LIABILITY INSURANCE."[26] The Supreme Court held that this policy exclusion unambiguously excludes the vehicle which is covered for liability from the definition of an underinsured motor vehicle, as to claims by "other insureds". *Blackburn*, 115 Wn.2d at 90.

The Court also held that the exclusion did not violate Washington's UIM statute, RCW 48.22.030, or public policy. The Court noted that as a passenger in a "covered auto," the plaintiff qualified as an "other insured" under the Safeco policy. The court added, however, that the policy exclusion unambiguously excluded the vehicle which is covered for liability from the definition of an underinsured motor vehicle, as to claims by other insureds

---

[24] *Id.* at 572.

[25] 115 Wn.2d 82, 92, 794 P.2d 1259, 1264 (1990)

[26] *Blackburn*, 115 Wn.2d at 85.

DEFENDANTS' OPPOSITION TO MOTION
FOR SUMMARY JUDGMENT AND CROSS-
MOTION (Case No. 2:20-cv-01728-JCC) – 12

WILSON SMITH COCHRAN DICKERSON
901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

seeking coverage under the policy.[27] The Washington Supreme court distinguished a "named insured" from "other insureds." A "named insured," it held, was someone who pays premiums, was generally entitled to receive "first-party coverage that applies at all times, whatever may be the insured's activity at the time of the accident." By contrast, an "other insured" has the option of contracting with an insurance company for their own UIM coverage, which would provide such coverage at all times regardless of their status in a particular vehicle.

The court explained:

> The owner of a vehicle purchases liability insurance to, among other things, protect passengers in the vehicle from his, or another driver's, negligent driving. He purchases underinsured motorist coverage to protect himself and others from damages caused by another vehicle which is underinsured. An insured wishing to avoid personal liability, and protect his passengers, may simply increase the liability insurance. The result of dual recovery in the instant case would transform underinsured motorist coverage into . . . liability insurance."[28]

The court concluded, "[N]o public policy requires an insurer to provide an insured with a third source of recovery, particularly when the insured has seen fit not to carry additional UIM coverage of his own."[29]

In reaching this decision, the Supreme Court in *Blackburn* reexamined *Millers Cas. Ins. Co. v. Briggs*,[30] which is another case analogous to Ms. Martin's situation. *Millers* had

---

[27] *Blackburn*, 115 Wn.2d at 90.

[28] *Blackburn*, 115 Wn.2d at 92 (quoting *Millers Casualty Ins. Co. v. Briggs*, 100 Wn.2d 1, 8, 665 P.2d 891 (1983))

[29] *Blackburn*, 115 Wn.2d at 91; *see also Churchill v. New Hampshire Ins. Co.*, 68 Wn. App. 564, 844 P.2d 459 (1993) (upholding UIM coverage bar for vehicles covered under liability coverage as applied to minor passenger who was unable to purchase UIM insurance).

DEFENDANTS' OPPOSITION TO MOTION FOR SUMMARY JUDGMENT AND CROSS-MOTION (Case No. 2:20-cv-01728-JCC) – 13

WILSON SMITH COCHRAN DICKERSON
901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

involved a single-car accident in which one passenger was killed and another injured, and a UM exclusion identical to the exclusion in the policy issued to A-Plus Services was construed and found enforceable. The insurer in *Miller* paid the limits of the driver's liability insurance but denied claims brought under the UM portion of the policy, on the basis that the policy excluded from the definition of an underinsured vehicle "(4) <u>an automobile … to which the liability coverage of this policy applies</u>."[31] The court held that this exclusion precluded recovery by the claimants under the UM portion of the policy, because the result of duel recovery under both coverages would transform underinsured motorist coverage into liability insurance, which would increase the cost of UM insurance and discourage consumers from purchasing UM insurance. *Millers*, 100 Wn.2d at 8.

Plaintiff's sole argument, is that the analysis by the Courts in *Blackburn* and *Churchill* are not applicable, because the use of the word "applies" in the exclusion for any automobile "to which the liability coverage of the policy applies" – and that the use of this word should mean that the liability policy be payable, in order for the liability policy to "apply". However, Plaintiff offers no authority for this conclusory and inaccurate argument. Moreover, as noted above, the Supreme Court in *Blackburn* specifically based its reasoning on the opinion in *Millers Cas. Ins. Co. v. Briggs*,[32] which <u>does</u> use the same exact UIM exclusion as at issue in this case. There is simply no authority or logic for Plaintiff's argument the inclusion of the

---

[30] 100 Wn.2d 1, 665 P.2d 891 (1983)

[31] *Millers*, 100 Wn.2d at 3 (emphasis added).

[32] 100 Wn.2d 1, 665 P.2d 891 (1983)

DEFENDANTS' OPPOSITION TO MOTION FOR SUMMARY JUDGMENT AND CROSS-MOTION (Case No. 2:20-cv-01728-JCC) – 14

WILSON SMITH COCHRAN DICKERSON
901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

word "applies" requires that the liability policy be actually payable through every insured to which a claim has been put.[33]

The above referenced cases confirm that Ms. Martin cannot receive UM coverage under the applicable policy language. Because the vehicle involved in the accident is a covered vehicle for the purposes of liability coverage, it is excluded as an "underinsured motor vehicle." The exclusion does not violate public policy or the UIM statute, because Martin is not a named insured. Therefore, the vehicle that caused her injuries was not an "underinsured motor vehicle" and UIM coverage does not apply to her injuries.

### III. CONCLUSION

West American respectfully requests that the Court deny Plaintiff's summary judgment motion regarding coverage. Defendant also requests that the Court find as a matter of law that Plaintiff is not entitled to UIM coverage under the West American policy, as a matter of law, and that Plaintiff's claims in this matter be dismissed in their entirety, with prejudice.

///

///

///

///

///

---

[33] Plaintiff appears to take issue with the reservation of rights defense provided Mr. Gerhing, but does not address the fact that West American is also defending A Plus under the same lawsuit.

DEFENDANTS' OPPOSITION TO MOTION FOR SUMMARY JUDGMENT AND CROSS-MOTION (Case No. 2:20-cv-01728-JCC) – 15

WILSON SMITH COCHRAN DICKERSON
901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

DATED this 25th day of January, 2020

**WILSON SMITH COCHRAN DICKERSON**

*s/John M. Silk*
*s/Sarah L. Eversole*
John M. Silk, WSBA #15035
Sarah L. Eversole, WSBA# 36335
Wilson Smith Cochran Dickerson
901 Fifth Avenue, Suite 1700
Seattle, WA 98164-2050
(206) 623-4100 P | (206) 623-9273 F
silk@wscd.com
eversole@wscd.com
*Attorneys for Defendants Liberty Mutual Insurance Company and West American Insurance Company*

DEFENDANTS' OPPOSITION TO MOTION FOR SUMMARY JUDGMENT AND CROSS-MOTION (Case No. 2:20-cv-01728-JCC) – 16



WILSON SMITH COCHRAN DICKERSON

901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

## **CERTIFICATE OF SERVICE**

The undersigned certifies, under penalty of perjury under the laws of the State of Washington, that on the below date I electronically filed the foregoing with the Clerk of the United States District Court using the CM/ECF system, which will send notice of the electronic filing to counsel of record:

**Attorneys for Plaintiff**
Jedediah J. Strong
STRONG LAW
1201 Pacific Avenue, Suite 601
Tacoma, WA 98402
Phone: 206-741-1051
Facsimile: 206-741-1052

**SIGNED** this 25th day of January, 2021, at Seattle, Washington.

*s/Sarah L. Eversole*

DEFENDANTS' OPPOSITION TO MOTION FOR SUMMARY JUDGMENT AND CROSS-MOTION (Case No. 2:20-cv-01728-JCC) – 17



WILSON SMITH COCHRAN DICKERSON
901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273