1
2
3
4
5
6

THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7
8
9
10
11
12
13
14

BROOKE MARTIN,

                        Plaintiff,

        v.

LIBERTY MUTUAL INSURANCE, *et al.*,

                        Defendants.

CASE NO. C20-1728-JCC

ORDER

15    This matter comes before the Court on Plaintiff's motion for partial summary judgment

16  (Dkt. No. 8) and Defendants' cross-motion[1] for summary judgment (Dkt. No. 10). Having

17  considered the parties' briefing and the relevant record, and finding oral argument unnecessary,

18  the Court hereby DENIES Plaintiff's motion (Dkt. No. 8) and GRANTS Defendants' cross-

19  motion (Dkt. No. 10) for the reasons explained herein.

20

21    [1] Plaintiff objects to the Court's consideration of Defendants' cross-motion because
    Defendants failed to include a noting date in the caption, as required by Local Civil Rule 7(b)(1)
22  and (k). (*See* Dkt. No. 16 at 1–2.) The Court OVERRULES this objection. Defendants included
    the noting date in the Court's electronic filing system, Plaintiff received immediate notice, and
23  Defendants also corrected the error by praecipe the following day. (*See* Dkt. No. 12.) This
    provided Plaintiff adequate notice of the cross-motion. Because Plaintiff had actual notice of the
24  cross-motion, the noting date, and the deadline for responding, Plaintiff's objection boils down to
    a complaint about the form of the notice. But, "[a] local rule imposing a requirement of form
25  must not be enforced in a way that causes a party to lose a substantive right because of a
    nonwillful failure to comply." Fed. R. Civ. P. 83(a)(2).
26

ORDER
C20-1728-JCC
PAGE - 1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

## I.     BACKGROUND

Plaintiff was injured while riding as a passenger in a vehicle owned by Mal, Inc. and driven by its employee, Zenin Gerhing. (Dkt. Nos. 8 at 2, 10 at 2–3.) At the time, Defendants provided liability and underinsured motorist coverage on the vehicle. (*Id.*) Plaintiff has alleged liability claims against Mal, Inc. and Mr. Gerhing in another suit, which Defendants are defending under a reservation of rights. (*Id.*)

Because Plaintiff believes that Defendants may ultimately disclaim liability coverage for her injuries, she seeks compensation based on Defendants' underinsured motorist policy. (Dkt. No. 1-3.) Following Defendants' denial of her underinsured motorist claim, Plaintiff filed the instant complaint in King County Superior Court seeking, among other things, a declaratory judgment that she is, in fact, covered under Mal, Inc.'s underinsured motorist policy. (*Id.; see* Dkt. No. 11-1 at 14–17.) Defendants removed the case to this Court and then indicated in their answer that underinsured motorist coverage does not apply here because the underinsured motorist policy expressly states that it does not apply to a vehicle covered under Mal, Inc.'s liability policy, which Defendants assert is the case here. (Dkt. No. 7 at 3.)

Plaintiff now moves for partial summary judgment solely on her declaratory judgment claim. (Dkt. No. 8.) Defendants cross-move for summary judgment, arguing that the uninsured motorist policy does not apply to the truck at issue here. (Dkt. No. 10.)

## II.     DISCUSSION

### A.     Legal Standard

The Court will "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit under the governing law," and a dispute of fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). It is undisputed that, for purposes of the motions presently before the Court, there are no material

disputed facts. (*Compare* Dkt. No. 8 at 2–3, *with* Dkt. No. 10 at 2–3.) Correspondingly, resolution of this matter turns solely on the Court's review and interpretation of the applicable underinsured motorist policy.

### B.     Underinsured Motorist Policy

Plaintiff asserts that Defendants have, to date, denied liability coverage for the accident because Mr. Gehring may not have been authorized by his employer to operate the vehicle at the time of the accident—a prerequisite for Defendants' liability coverage. (Dkt. No. 8 at 2.) On this basis, Plaintiff argues that she is eligible for underinsured motorist coverage which, according to the policy, applies to a "vehicle . . . [f]or which no liability bond or policy applies at the time of an 'accident.'" (Dkt. No. 11-1 at 10.) Similarly, the policy also provides that underinsured motorist coverage does not apply to "any vehicle . . . [f]or which the Liability Coverage of this Coverage Form *applies*." (Dkt. No. 11-1 at 11 (emphasis added).) Plaintiff argues that since Defendants may ultimately determine that liability coverage does not *apply* here, underinsured motorist coverage for her would not be precluded. (Dkt. No. 8 at 4–8.) The Court does not find this argument persuasive.

First, there is no doubt that the vehicle at issue was "a covered auto" under the liability policy. (Dkt. No. 11-1 at 7.). If the vehicle were not a "covered 'auto'" as defined in the policy, Plaintiff would not be eligible for underinsured motorist coverage. (*See id.* (underinsured policy indicating that an "insured" is someone "occupying" a "covered" auto).)

Second, Plaintiff's interpretation of the policy language is inconsistent with Washington law. Defendants point to myriad Washington cases rejecting the argument that underinsured motorist coverage turns on whether or not liability insurance benefits were *actually* paid out. (*See* Dkt. No. 10 at 10–15 (citing *Blackburn v. Safeco Ins. Co.*, 794 P.2d 1259 (Wash. 1990); *Millers Cas. Ins. Co., of Tex. v. Briggs*, 665 P.2d 891 (Wash. 1983); *Churchill v. N.H. Ins. Co.*, 844 P.2d 459 (Wash. Ct. App. 1993).) Instead, the cases hold that underinsured coverage applies irrespective of whether the insurer ultimately paid out under the liability policy. (*Id.*) As the

court noted in *Millers*:

> Our conclusion is also dictated by common sense and the consuming public's general understanding of coverage under these circumstances. The owner of a vehicle purchases liability insurance to, among other things, protect passengers in the vehicle from his, or another driver's, negligent driving. He purchases underinsured motorist coverage *to protect himself and others from damages caused by another vehicle* which is underinsured.

665 P.2d at 895 (emphasis added). The policy in *Millers* included the same exclusion provision as here: it excluded from underinsured motorist coverage an "automobile . . . to which the liability coverage of this policy *applies*." *Id.* at 892 (emphasis added). Accordingly, the result in *Millers* should be the same as here.

Plaintiff points to no caselaw contradicting those cited by Defendants. (*See generally* Dkt. Nos. 8, 14.) Instead, she makes irrelevant factual distinctions and suggests the Court apply general contract interpretation principles to construe the contract policy differently. (Dkt. Nos. 8 at 4–8, 14 at 2–4.) But this approach ignores policy language that forecloses the result Plaintiff seeks. According to the policy, underinsured motorist coverage simply does not apply to a covered vehicle, such as the one Plaintiff was a passenger in. This is true regardless of whether Defendants ultimately pay out under the liability policy.

## III.   CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's motion for partial summary judgment (Dkt. No. 8) and GRANTS Defendants' cross-motion (Dkt. No. 10). Plaintiff's claims are dismissed with prejudice. The Clerk is DIRECTED to close this case.

DATED this 10th day of March 2021.

John C. Coughenour
UNITED STATES DISTRICT JUDGE